IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CORINA HOWARD,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br>        Defendants, | CV 21-107-M-DLC-KLD<br><br>ORDER |

On September 22, 2021, pro se Plaintiff Corina Howard ("Howard") filed a motion for leave to proceed in forma pauperis (Doc. 1) and initiated this lawsuit naming the State of Montana, several state officials, and several individuals as Defendants. (Doc. 2, at 1-2). Howard seeks injunctive relief or a temporary restraining order preventing Defendants from requiring her to wear a face mask or face shield while she is at work. (Doc. 2, at 4).

## I.    Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On September 22, 2021, Howard filed a handwritten letter "requesting to proceed in forma pauperis, and have any fees in connection with the present case waived." (Doc. 1).

For a court to grant permission to proceed in forma pauperis, the party must

1

submit an affidavit containing a statement of all assets the party possesses which shows they cannot afford to pay fees. 28 U.S.C. § 1915(a). The letter Howard has submitted is not a sworn statement, and contains no financial disclosures or any other information. Instead, the letter contains only one sentence requesting to proceed in forma pauperis. It does not include any information regarding Howard's income, expenses, and assets, and does not state that Howard is unable to pay the costs of these proceedings.

Because information provided in the Howard's letter is not sufficient to make the showing required by 28 U.S.C. § 1915(a), her request to proceed in forma pauperis is denied without prejudice. Howard may renew her motion by filing a completed Application to Proceed in District Court without Prepaying Fees or Costs. For Howard's convenience, a copy of this application form is attached to the Court's order. In addition, the application form is publicly available at the Court's website, www.mtd.uscourts.gov/forms.

## II.     Screening Requirement

Because Howard is attempting to proceed in forma pauperis, the Court must review her complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a

defendant who is immune from such relief. If so, the complaint be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. See *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9ht Cir. 2014).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the

3

plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

### III. Analysis

In September 2021, Howard initiated this lawsuit by lodging a document titled "Motion for Appropriate Relief and Request for an Injunction and/or Temporary Restraining Order." (Doc. 2). In November 2021, Howard also filed a civil cover sheet and attachment. (Doc. 4). Under the standard set forth in *Akhtar*, this Court will treat both documents as a complaint. Even under the liberal pleading standards, a pro se complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim." *Pena*, 976 F.2d at 471. A complaint must plead both a cognizable legal theory and

4

sufficient facts to support a cognizable legal theory. *Zixiang Li*, 710 F.3d at 999 (quoting *Mendiondo*, 521 F.3d at 1104).

Here, Howard's complaint does not plead a cognizable legal theory and alleges virtually no facts, let alone any facts sufficient to support a cognizable legal theory. To begin, it is unclear who Howard is attempting to sue. The civil cover sheet identifies the U.S. Government as defendant, the complaint identifies a multitude of state officials and employees as defendants, and the complaint's heading identifies "The State of Montana, et.al." as defendants. Thus, it is not clear from these documents who exactly Howard intends to name as Defendants.

It is also unclear under what legal theory Howard is attempting to sue. Her pleading does not contain a short and plain statement of the claim, or any facts that show Howard is entitled to relief. See Fed. R. Civ. P. 8(a). On the civil cover sheet, Howard identifies "28 U.S.C. sub. sec. 1983" as the statutory basis for her cause of action, but also identifies her suit as a tort action based on "Other Personal Injury." (Doc. 4, at 1).

Assuming Howard meant to identify 42 U.S.C. § 1983 as the statutory basis for her lawsuit, she fails to state a claim for relief. Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496

5

U.S. 498, 508 (1990). Thus, to state a claim under § 1983, "a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Howard refers generally to "due process" at one point in her complaint (Doc. 2, at 3), and has attached a copy of the Montana Department of Public Health and Human Service's Reasonable Accommodations Policy to her pleading. (Doc. 2-1). In the attachment to her civil cover sheet, Howard alleges she "notified State of Montana et. al. of a legitimate medical and certified religious exemption to the mask and/or face shield requirement" and the "State of Montana et. al. has and are knowingly, willingly, and deliberately violating their own mandatory reasonable accommodations policy which has caused or could further cause irreparable injury and has violated petitioners' rights." (Doc. 4, at 3.).

Such general allegations are insufficient to state a claim for relief under Section 1983 or any other federal statute. Howard does not identify what specific constitutional or statutory rights she believes were violated, which defendants violated those rights and how, when the alleged violations took place, and what injury she claims to have suffered because of the defendants' conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Howard's bare and conclusory reference to

6

"due process," without any meaningful supporting factual allegations, is not sufficient to state a claim for relief under § 1983.

To the extent Howard suggests Defendants violated the Reasonable Accommodations Policy attached to her complaint, she does not identify any statutory or other legal basis for such a claim, or allege plausibly allege sufficient facts to support such a claim.

No matter how liberally this Court construes the complaint, Howard altogether fails to state a claim upon which relief can be granted.

## IV. Conclusion

The Court has considered whether Howard's Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. See 28 U.S.C. §§ 1915(e)(2), 1915A. As explained above, allegations, as currently pled, are insufficient to state a claim for relief and should be dismissed. However, in light of Howard's pro se status, she will be given the opportunity to submit a renewed motion to proceed in forma pauperis and lodge an amended complaint. To survive dismissal, the amended complaint must identify the specific constitutional rights or federal statutes at issue and otherwise include sufficient allegations to state a claim for relief.

### A. Possible Dismissal

7

If Howard fails to timely comply with every provision of this Order, this case may be dismissed. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (court may dismiss an action for failure to comply with any order of the court).

**B.    Address Change**

At all times during the pendency of this action, Howard must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

For the reasons discussed above, the Court enters the following:

**ORDER**

IT IS ORDERED that Howard's motion to proceed in forma pauperis (Doc. 1) is DENIED without prejudice. Howard shall have until March 22, 2022 within which to file a renewed motion to proceed in forma pauperis.

IT IS FURTHER ORDERED that Howard shall have until Mach 22, 2022 within which to lodge an amended complaint.

DATED this 7th day of March, 2022

Kathleen L. DeSoto
United States Magistrate Judge